**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4237**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DEVIN LAMAR EBRON,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:17-cr-00028-FL-1)

Submitted:  November 30, 2018           Decided:  December 20, 2018

Before WILKINSON and NIEMEYER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard E. Rowe, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Robert J. Dodson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devin Lamar Ebron pled guilty, without a plea agreement, to two counts of distribution of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (2012). Ebron's Sentencing Guidelines range, which was driven by his career offender designation, was 188 to 235 months' imprisonment. At sentencing, Ebron argued for a 79-month sentence, a term 109 months below the bottom of the advisory Guidelines range. The district court imposed concurrent terms of 164 months' imprisonment on each count, a downward variance of 24 months below the bottom of the Guidelines range. Ebron timely appealed, arguing that the district court failed to meaningfully consider his arguments in mitigation. We affirm.

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. *United States v. Carter*, 564 F.3d 325, 328, 330 (4th Cir. 2009). The sentencing court must provide specific reasons supporting the sentence, but the explanation "need not be exhaustive." *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014). Nevertheless, the court's reasoning must be sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments*." United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted).

Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence[,]" *Carter*, 564 F.3d at 329-30. An insufficient explanation of the sentence imposed constitutes significant procedural error by the district court. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

Where, as here, the defendant properly preserved the issue of whether the explanation was adequate by arguing for a sentence different than that which was imposed, this court reviews the issue for abuse of discretion. *Id*. If this court finds such abuse, the court must reverse unless it concludes that the error was harmless. *Id*. An error is harmless if the Government shows "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

The court granted Ebron a downward variance, albeit a much more modest variance than that requested by Ebron. In explaining the variance at the sentencing hearing, the court merely stated that it was appropriate under the circumstances of the case. In the Statement of Reasons, however, the court elaborated that the small quantity of drugs involved in the case was a mitigating factor for the variance. Neither at the sentencing hearing nor in the Statement of Reasons did the court address Ebron's

3

argument that he should receive a more substantial variance because his career offender predicate offenses were nonviolent drug crimes, nor in explaining the sentence imposed did the court address Ebron's argument concerning his rehabilitation efforts.

Even assuming, arguendo, that the sentencing court committed procedural error in failing to adequately consider Ebron's arguments in mitigation, *see United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (holding that this court will not "assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it patently obvious" (internal quotation marks omitted)), we conclude that any error was harmless, *Boulware*, 604 F.3d at 839-40. A sentencing error is harmless if the sentence imposed "is not longer than that to which the defendant would otherwise be subject." *United States v. Martinovich*, 810 F.3d 232, 243 (4th Cir. 2016) (alterations and internal quotation marks omitted).

The district court commenced the sentencing hearing by summarizing Ebron's extensive criminal history and noting that his 19 criminal history points placed him "very firmly in the highest Criminal History Category." The court stated on the record that it had read Ebron's sentencing memorandum and asked questions during defense counsel's argument about Ebron's rehabilitation efforts, specifically details regarding when, as a state prisoner, Ebron took a vocational course. During Ebron's allocution, the court also engaged in dialogue with Ebron, countering Ebron's argument that he faced a long sentence by opining that he had received lenient treatment at times in the state system. The court considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, observing that Ebron's record demonstrated that he did not respect the law, was someone against whom

4

the public needed protection, and that he needed to be deterred from further criminal activity. Additionally, in pronouncing Ebron's sentence, the court stated that his current offenses poisoned communities with crack and were very dangerous, which indicated that the court was not swayed by Ebron's argument that a below-Guidelines sentence was warranted because his prior drug convictions that qualified as career offender predicates were nonviolent. On this record, we conclude that the district court would impose the same sentence even if the case were remanded for the court to address on the record Ebron's arguments in mitigation.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*